IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEMONT AIRCRAFT CORPORATION, | : |
| Plaintiff, | : |
| v. | : Civil Action No. |
| SILVERSTONE TECHNOLOGY INC., | : **JURY TRIAL DEMANDED** |
| Defendant. | : |

## COMPLAINT FOR INFRINGEMENT OF PATENTS

Plaintiff for its complaint against Defendant, alleges as follows:

### The Parties

1. Plaintiff, Lemont Aircraft Corporation ("Lemont" or "Plaintiff") is a Connecticut corporation having a principal place of business at 350 East Main Street, Ansonia, Connecticut 06401.

2. On information and belief, Defendant SilverStone Technology Inc. ("SilverStone" or "Defendant") is a California corporation having a principal place of business at 20885 Currier Road, City Of Industry, California 91789.

**Jurisdiction and Venue**

3. This action by Plaintiff is for damages and injunctive relief from patent infringement by Defendant, and arises under the United States Patent Laws, particularly 35 U.S.C. §271 et seq. Subject matter jurisdiction is based on 28 U.S.C. §1331 and 1338(a). Venue is based on 28 U.S.C. §§1391(b), 1391(c), and 1400(b).

4. Upon information and belief, SilverStone sells, offers to sell, supplies and/or distributes computer cooling fans, computer heat sinks, and other computer products and/or components in Connecticut and is subject to personal jurisdiction in this District.

**The Patents**

5. Plaintiff Lemont is the owner of the entire right, title and interest in and to United States Patent No. 5,292,088 ("the '088 patent"), entitled "Propulsive Thrust Ring System", which was duly and legally issued by the United States Patent and Trademark Office on March 8, 1994 in the name of the inventor, Harold E. Lemont (a copy of the '088 patent is attached as Exhibit A).

6. Plaintiff Lemont is the owner of the entire right, title and interest in and to United States Patent No. 5,470,202 ("the '202 patent"), entitled "Propulsive Thrust Ring System", which was duly and legally issued by the United States Patent and Trademark Office on November 28, 1995 in the name of the inventor, Harold E. Lemont (a copy of the '202 patent is attached as Exhibit B).

7. The '088 patent and the '202 patent are herein collectively referred to as "the Lemont patents."

## Acts Giving Rise to this Action

8. Upon information and belief, SilverStone manufactures, sells, offers to sell, imports, supplies and/or distributes computer cooling fans with a ring system and/or products that incorporate a computer cooling fan(s) with a ring system, including but not limited to, the SilverStone FM82, SilverStone FM92, SilverStone NT02, and SilverStone NT04 (collectively the "SilverStone Products").

9. Upon information and belief, Defendant SilverStone has been and still is directly infringing, contributing to and/or inducing infringement of the Lemont patents pursuant to 35 U.S.C. § 271 et. seq. by making, selling, offering for sale, importing, supplying, and/or using the SilverStone Products and related products without the authorization of the Plaintiff Lemont.  SilverStone's infringement continues in willful disregard of Plaintiff Lemont's rights making this case an exception under 35 U.S.C. § 285 and entitling Lemont to recover multiple damages, costs, and attorney's fees.

10. SilverStone was notified of its infringement of the Lemont patents prior to the filing of this complaint but failed to provide requested information or respond to the accusation of infringement.  Further, upon information and belief, SilverStone appears to have expanded its product line with regard to infringing products.  Thus, with full knowledge, and without the consent of Lemont, SilverStone is using Lemont's technology without payment to Lemont.

11. Plaintiff has been damaged by Defendant's infringement of the Lemont patents, and claims all damages, including but not limited to all lost profits and/or reasonable royalties, to which it is entitled.

12. The harm to Plaintiff resulting from the infringing acts of Defendant is irreparable, continuing, not fully compensable by money damages and will continue unless enjoined by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

A. A finding by the Court that Defendant's activities have resulted in infringement of one or more of Plaintiff's patents.

B. That a preliminary and permanent injunction be entered against the Defendants, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with the Defendants who receive actual notice of the injunction by personal service or otherwise, from any further infringement of the '088 patent and the '202 patent pursuant to 35 U.S.C. § 283;

C. That Plaintiff be awarded their damages, suffered by reason of the Defendants' infringement of the '088 patent and the '202 patent, together with prejudgment interest;

D. That the damages awarded to Plaintiff be trebled pursuant to 35 U.S.C. § 284 due to the willful acts of infringement complained of herein;

E.  That this be declared an exceptional case pursuant to 35 U.S.C. § 285;

F.  That Plaintiff be awarded their attorneys fees and costs; and

G.  That Plaintiff be awarded any other and further relief that this Court may deem just and proper.

Respectfully submitted,

Date: 2/13/07

*[signature]*

Richard J. Basile, ct20491
Christopher H. Strate, ct26931
ST.ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, Connecticut 06905
Telephone: (203) 324-6155
Telecopier: (203) 327-1096
Email: lit@ssjr.com

Attorneys for Plaintiff